UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JASON ZAFRIN, ) | ) | CASE NO. 3:22-cv-01339 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | APRIL 10, 2023 |
| et al., | ) | |
| *Defendants*. | ) | |

## INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A
## OF AMENDED COMPLAINT

Plaintiff Jason Zafrin, a *pro se* sentenced prisoner[1] in the custody of the Connecticut Department of Correction ("DOC"), brings this action under 42 U.S.C. § 1983 seeking money damages against the following DOC staff members at Bridgeport Correctional Center ("BCC"), Cheshire Correctional Institution ("CCI"), and Osborn Correctional Institution ("OCI"): BCC Counselor Kelly and Correction Officer Dellarosa; CCI Counselor Gargano; and OCI Counselors Torres and Suarez, Dr. Stephanie Thurber, Health Services Administrator ("HSA") Figueroa, and Correction Officer Feldott. *See* Am. Compl. at 3–4, ECF No. 14.[2] Defendants are sued in their individual capacities.[3]

---

[1] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). The Connecticut DOC website reflects that Plaintiff was sentenced on February 4, 2022 to a term of incarceration that has not yet expired. *See Inmate Information*, CT Dep't of Corr., http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=428687 (last visited Apr. 10, 2023).

[2] In his case caption, Plaintiff again names only "Department of Corrections" as a Defendant. The Connecticut DOC, as a state agency, is not a "person" subject to suit under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that the state and state agencies are not persons within meaning of Section 1983). Accordingly, the Court dismisses Connecticut DOC as a defendant in this action.

Further, the Court construes Plaintiff's amended complaint as alleging claims against the individual defendants named in his list of parties. *See Imperato v. Otsego Cnty Sheriff's Dep't*, No. 3:13-cv-1594 (BKS/DEP), 2016 WL 1466545, at *26 (N.D.N.Y. Apr. 14, 2016) (explaining that court may find a *pro se* complaint to sufficiently plead claims against defendants not named in the caption when there are adequate factual allegations to establish that the plaintiff intended them as defendants).

[3] Any requests for money damages against Defendants, who are state employees, in their official capacities, are barred by the Eleventh Amendment. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

By Initial Review Order, the Court permitted Plaintiff to file an Amended Complaint, which he did on February 1, 2023. On March 10, 2023, Plaintiff filed a motion to amend his amended complaint to include allegations regarding his neurological condition and Connecticut DOC's failure to provide him with medical care or therapy.[4]

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity, officer, or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

---

[4] In his motion, Plaintiff describes the pretrial conference that occurred on February 17, 2023 in his state habeas case seeking transfer to Florida under home confinement so that he can receive care and therapy that is allegedly not being provided to him by Connecticut DOC. He asserts that it was made clear during the conference that the DOC Commissioner would not pay for any specialized care, although DOC's medical expert allegedly confirmed Plaintiff's medical conditions. He alleges that he later submitted a request under the Interstate Compact for transfer to Florida, which was denied by Connecticut DOC Officer DooLittle, for the stated reason that Connecticut DOC is capable of providing him with the necessary treatment. Plaintiff asserts that Officer DooLittle is not capable of assessing his medical needs for his conditions confirmed by DOC's medical expert. Plaintiff may amend his complaint as a matter of course under Federal Rule of Civil Procedure 15(a) as Defendants have not been served in this matter. However, Plaintiff offers only this series of additional facts in his motion to amend—he did not attach a proposed Second Amended Complaint. Nor is it clear whether Plaintiff is requesting to add an Eighth Amendment claim against Officer DooLittle or whether he merely seeks to supplement his complaint with information about Connecticut DOC's refusal to provide him with medical care and therapy despite the DOC expert's confirmation of his medical conditions. To the extent that Plaintiff seeks to add an Eighth Amendment claim against Officer DooLittle, the motion to amend must be denied because Plaintiff requested and was denied transfer to Florida after he filed this action. Even if the Court permitted Plaintiff to add a claim against Officer DooLittle in this action, it would be dismissed because Plaintiff could not have exhausted his administrative remedies for this claim prior to filing this federal action in compliance with the Prison Litigation Reform Act. *See* 42 US.C. § 1997e(a); *see Williams v. Priatno*, 829 F. 3d 118, 122 (2d Cir. 2016) ("[A] district court still may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement."). Finally, the additional facts asserted in his motion do not alter the Court's consideration of his Eighth Amendment claims against the named defendants.

The Court has thoroughly reviewed the allegations in the Amended Complaint and issues the following Order pursuant to 28 U.S.C. § 1915A.

**CLAIMS UNDER 42 U.S.C. § 1983**

Plaintiff claims deliberate indifference to his serious neurological condition and therapy needs. Plaintiff's status as either a convicted prisoner or a pretrial detainee dictates whether his claim of deliberate indifference is analyzed under the Eighth or Fourteenth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29–35, 33 n.9 (2d Cir. 2017). Claims alleging deliberate indifference to an inmate's health are analyzed under the Due Process Clause of the Fourteenth Amendment when brought by pretrial detainees, *see id.* at 29, but are analyzed under the cruel and unusual punishment clause of the Eighth Amendment when brought by a sentenced prisoner, *see Charles v. Orange Cnty*, 925 F.3d 73, 85 (2d Cir. 2019). Here, the publicly available information on the DOC website shows that Plaintiff was not sentenced until February 4, 2022. Accordingly, his claims of deliberate indifference to his health or medical needs arising prior to February 4, 2022 must be analyzed under the Fourteenth Amendment's substantive due process standards. By contrast, his deliberate indifference claims during his incarceration as a sentenced prisoner are governed by the Eighth Amendment.

To prevail on either his Fourteenth or Eighth Amendment claims, Plaintiff must allege facts to satisfy two prongs: (1) an objective prong showing that Plaintiff's condition poses an unreasonable risk of serious damage to his health; and (2) a subjective, or "*mens rea*," prong showing that a defendant acted with deliberate indifference to that serious condition. *See Darnell*, 849 F.3d at 30–32. As discussed further, the Fourteenth and Eighth Amendments differ with respect to the requisite *mens rea.*

Relevant to the objective element for Plaintiff's Fourteenth and Eighth Amendment claims,

"[t]he serious medical needs standard contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Charles*, 925 F.3d at 86 (citing *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)). Plaintiff alleges that he has Post-Concussion Syndrome, Traumatic Brain Injury, and symptoms of severe headaches, increased memory loss, numbness in his extremities, decreased motor and speech skills, mood swings, and seizures. For purposes of initial review, Plaintiff has sufficiently alleged that he suffered from an objectively serious medical condition.

### Fourteenth Amendment Claims

"[D]eliberate indifference, in the context of a Fourteenth Amendment due process claim, can be shown by something akin to recklessness, and does not require proof of a malicious or callous state of mind." *Id.* (citing *Darnell*, 849 F.3d at 33–34). "[A] detainee asserting a Fourteenth Amendment claim for deliberate indifference to his medical needs can allege either that the defendants *knew* that failing to provide the complained of medical treatment would pose a substantial risk to his health or that the defendants *should have known* that failing to provide the omitted medical treatment would pose a substantial risk to the detainee's health." *Id.* at 87 (emphasis in original).

**BCC Counselor Kelly**: Plaintiff's amended complaint indicates that he was housed at BCC as a pretrial detainee for six weeks in 2021. Plaintiff's father informed Counselor Kelly about Plaintiff's neurological issue. Counselor Kelly assured Plaintiff's father that he would let the medical staff know about the care that Plaintiff needed. While at BCC, Plaintiff allegedly never saw any medical staff or neurologist. For purposes of initial review, Plaintiff's allegations are sufficient to proceed for damages against Counselor Kelly for Fourteenth Amendment deliberate indifference.

**BCC Correction Officer Dellarosa**: Plaintiff has not alleged plausible Fourteenth Amendment deliberate indifference by Officer Dellarosa. Plaintiff claims that after February 14, 2021, he handed his inmate requests about his worsening symptoms and need for neurological medical care to Officer Dellarosa and another unnamed officer. But there are no allegations as to any conduct by Officer Dellarosa that violated Plaintiff's Fourteenth Amendment rights. While the Court must construe the alleged facts in the light most favorable to Plaintiff, the Court is not free to speculate about unpleaded facts that might be favorable to Plaintiff. *Darby v. Greenman*, 14 F.4th 124, 130 n.6 (2d Cir. 2021). Plaintiff's Fourteenth Amendment claim against Officer Dellarosa is DISMISSED.

**CCI Counselor Gargano**: Plaintiff alleges that he was housed at CCI until May 26, 2022. During his CCI confinement, Plaintiff's father allegedly informed Counselor Gargano about Plaintiff's neurological and physical issues, including his seizures, and Counselor Gargano assured him that he would advise the CCI medical unit about Plaintiff's medical needs. After four months with no medical care or therapy, Plaintiff suffered a blackout. Although he notified both the medical unit and Counselor Gargano about this blackout, Plaintiff still did not receive any consultation with a neurologist or other Traumatic Brain Injury specialist. Later, he had a "dementia-type episode" and informed the medical unit. He claims that "nothing [was] done but an MRI [was] scheduled which took nine months." Am. Compl. at 6.

At this early stage in this matter, the Court will permit a Fourteenth Amendment deliberate indifference claim to proceed against Counselor Gargano.[5]

---

[5] It is not clear when the specific events alleged in the amended complaint occurred at CCI. Thus, the Court considers Plaintiff's deliberate indifference claim against CCI Gargano under the more lenient standard of the Fourteenth Amendment. Defendants may advance arguments in future briefing regarding Plaintiff's confinement status and the standard under which his claims should be evaluated.

**Eighth Amendment Claims**

As Plaintiff alleges that his first day at OCI was May 26, 2022, Plaintiff's claims against OCI Defendants Counselor Torres and Suarez, Dr. Thurber, HSA Figueroa, and Officer Feldott are governed by the Eighth Amendment. For this claim, Plaintiff must allege that the Defendants were actually aware of a substantial risk that he would suffer serious harm as a result of their conduct. *See Salahuddin v. Goord*, 467 F.3d 263, 280–81 (2d Cir. 2006). For a claim based on a delay in medical treatment, a defendant must have been aware of a substantial risk that the inmate would suffer serious harm because of his or her actions or inactions. *See Amaker v. Coombe,* No. 96 Civ. 1622 (JGK), 2002 WL 523388, at *8 (S.D.N.Y. Mar. 29, 2002) ("A delay in medical treatment does not by itself violate an inmate's Eighth Amendment rights unless the delay reflects deliberate indifference to a serious risk of health or safety, to a life-threatening or fast-degenerating condition or to some other condition of extreme pain that might be alleviated through reasonably prompt treatment.").

**Officer Feldott**: Plaintiff alleges that he informed Officer Feldott about his neurological conditions and that he was feeling disoriented and lightheaded, but Officer Feldott refused to send him to the medical unit. For initial pleading purposes, Plaintiff has alleged a plausible Eighth Amendment claim for damages against Officer Feldott for deliberate indifference to his medical needs.

**Correction Officer Torres and Counselor Suarez**: Plaintiff alleges that his father informed both Officer Torres and Counselor Suarez about his neurological and physical issues. He alleges that Officer Torres assured his father that she would relay the information to the medical staff but failed to do so, and further that Counselor Suarez told his father it was not her job to relay information to the medical unit. Construed most liberally, Plaintiff's allegations raise an inference

that Defendants Torres and Suarez acted with deliberate indifference to Plaintiff's medical needs. Accordingly, Plaintiff may proceed against Defendants Torres and Suarez for damages on his claims of Eighth Amendment violation.

**Dr. Thurber**: Dr. Thurber allegedly informed Plaintiff that his MRI was "clean," but Plaintiff later learned from the UConn neurologist that he has "dots" on his brain. He claims that Dr. Thurber told him that she cannot treat his Post-Concussion Syndrome, Traumatic Brain Injury, or his symptoms. He alleges that she has refused to speak to his prior doctors at the Fort Lauderdale VA and has failed to provide his medical care and therapy needs. For initial pleading purposes, Plaintiff has sufficiently alleged an Eighth Amendment claim for damages against Dr. Thurber due to her deliberate indifference.

**HSA Figueroa:** Plaintiff has not alleged any facts about conduct by HSA Figueroa. Plaintiff cannot state a plausible claim for damages without alleging facts to reflect HSA Figueroa's involvement in an Eighth Amendment violation. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (stating that personal involvement of a defendant in the alleged constitutional deprivation is a prerequisite to an award of damages under § 1983). Accordingly, Plaintiff's claims against HSA Figueroa are DISMISSED.

**CONCLUSION**

The Court enters the following orders:

(1) The case shall proceed on Plaintiff's Fourteenth Amendment claims against BCC Counselor Kelly and CCI Counselor Gargano; and on his Eighth Amendment claims against OCI Correction Officer Feldott, Counselor Torres, Counselor Suarez, and Dr. Thurber.

All claims against the Department of Correction, Officer Dellarosa, and HSA Figueroa are DISMISSED.

The clerk is directed to add as defendants to the caption Counselor Kelly, Correction Officer Dellarosa, Counselor Gargano, Counselor Torres, Counselor Suarez, Dr. Stephanie Thurber, Health Services Administrator Figueroa, and Correction Officer Feldott. The clerk is instructed to TERMINATE the Department of Correction, Correction Officer Dellarosa, and HSA Figueroa.

(2) The motion to amend the amended complaint, **ECF No. 17**, is **DENIED** without prejudice to Plaintiff filing an amended complaint (though not to bring claims against Officer DooLittle) within 30 days after the filing date of this initial review order. Plaintiff is advised that the amended complaint will completely replace the prior complaint in the action, and no portion of any prior complaint shall be incorporated into his amended complaint by reference.

(3) The clerk shall verify the current work address for Counselor Kelly, Counselor Gargano, Correction Officer Feldott, Counselor Torres, Counselor Suarez, and Dr. Stephanie Thurber with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the amended complaint to them at their confirmed addresses by **May 1, 2023**, and report on the status of the waiver request on the **thirty-fifth (35th) day** after mailing. If a defendant fails to return the waiver request, the clerk shall make arrangements for in-person individual capacity service by the U.S. Marshals Service on that Defendant, and that Defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4) The clerk shall mail a courtesy copy of the amended complaint and this Order to the DOC Office of Legal Affairs and the Office of the Attorney General.

(5) The defendants shall file their response to the amended complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If the defendants choose to file an answer, they shall admit

or deny the allegations and respond to the cognizable claims recited above. The defendants may also include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, according to Federal Rules of Civil Procedure 26-37, shall be completed by **November 10, 2023**.

(7) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the Court. The Order can also be found at http://ctd.uscourts.gov/administrative-standing-orders.

(8) All motions for summary judgment shall be filed by **December 11, 2023**.

(9) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(10) If Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the Court. **Failure to do so may result in the dismissal of the case**. Plaintiff must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify the defendants or defense counsel of his new address.

(12) Plaintiff shall utilize the Prisoner E-Filing Program when filing documents with the court. Plaintiff is advised that the Program may be used only to file documents with the court. Local court rules provide that discovery requests shall not be filed with the court. D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on Defendants' counsel by regular mail.

**SO ORDERED** at Bridgeport, Connecticut, this 10th day of April 2023.

                                              */s/ Kari A. Dooley*
                                              KARI A. DOOLEY
                                              UNITED STATES DISTRICT JUDGE